FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID M. LEVIN and TERESA JAN LEVIN, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>PACIFIC HIDE & FUR DEPOT, d/b/a PACIFIC STEEL & PACIFIC RECYCLING, a Montana corporation, KYLE DOE AND JANE DOE, husband and wife, GORDON BECK AND JANE DOE BECK, husband and wife; INLAND NORTHWEST EQUIPMENT AUCTION, INC., d/b/a/ REINLAND AUCTIONEERS, a Washington corporation; IBEX CONSTRUCTION, INC., a Washington corporation; TIM AND ROBERTA JACKSON, husband and wife;<br><br>    Defendants. | NO. 2:17-cv-00288-SAB<br><br>**ORDER DENYING DEFENDANT GORDON BECK'S MOTION TO DISMISS CROSS-CLAIM** |

Before the Court are Defendant Gordon Beck's Motion to Dismiss Cross-Claim of Pacific Hide & Fur Depot, ECF No. 81. The motion was heard without

**ORDER DENYING DEFENDANT GORDON BECK'S MOTION TO DISMISS CROSS-CLAIM ~ 1**

oral argument. Defendant Gordon Beck is represented by Brian Sheldon. Defendant Pacific Hide & Fur Depot ("Pacific Steel") is represented by Shane McFetridge and John Riseborough.

## Factual Background

An unidentified tank was crushed at a recycling facility owned by Defendant Pacific Steel. Unfortunately, the tank contained chlorine gas. Sixteen of Defendant's employees were injured. One employee died. Plaintiff David Levin is one of employees who was injured.

## Procedural Background

This action started in Spokane County Superior Court. Plaintiffs initially sued only Defendant Pacific Steel. Defendant removed the Complaint to the Eastern District of Washington.

In September, 2017, Plaintiffs filed an Amended Complaint, adding the other Defendants listed above. Plaintiffs allege that as a result to the toxic exposure and the inhaled hazardous and toxic fumes Mr. Levin sustained severe injuries, resulting in significant permanent loss of lung capacity, pulmonary burns, chemical exposure, and acute respiratory failure. They are asserting five claims against Defendants: (1) negligence; (2) strict liability (Restatement (Second) of Torts § 520 (1977), RCW 70.105.005 and RCW 70.105D.040 (Model Toxic Control Act, "MTCA");  (3) Negligent Hiring, Training and Supervision; (4) Respondeat Superior, Agency and/or Apparent Agency; and (5) Joint and Several Liability, 4.22 *et seq*.

In September, 2018, Defendant Gordon Beck filed a Motion for Summary Judgment, arguing (1) Plaintiffs do not have a private right of action for personal injuries under the Model Toxics Control Act (RCW 70.105D); (2) Even if Plaintiffs had a remedy under the MTCA, Defendant Beck is not a "potentially liable person" under the Act because he was not an owner operator, was not an arranger of the disposal of the hazardous material, and was not a transporter of the

**ORDER DENYING DEFENDANT GORDON BECK'S MOTION TO DISMISS CROSS-CLAIM ~ 2**

hazardous material; (4) Beck is not liable under any common law negligence theory because he did not owe a duty to Plaintiffs; did not owe a duty to safely dispose of the chlorine cylinder because he did not know there was chlorine gas in it; and his activities were not ultra-hazardous so as to impose strict liability upon him; and (5) even if he owed a duty to Plaintiffs, he was not a proximate cause of Levin's injuries. He also moved for attorneys' fees under the MTCA.

Plaintiffs did not respond to Defendant Beck's Motion for Summary Judgment. As a result, the Court granted Defendant Beck's Motion, ECF No. 74, and judgment was entered in favor of Defendant Beck and against Plaintiffs. ECF No. 75.

Defendant Beck now moves for dismissal on the theory that the Court has already ruled that he has no liability for the claims asserted by Plaintiffs; therefore, he cannot be jointly and severally liable for Levin's damages. He argues that his lack of liability for Levin's damages precludes any cross-claim by Defendant Pacific for contribution for those damages.

The problem with Defendant Beck's arguments is that the Court did not rule that he has no liability for the claims asserted by Plaintiffs. Rather, judgment was entered in favor of Defendant Beck because Plaintiffs failed to respond to the motion. Unlike in *Bunce Rental, Inc. v. Clark Equip. Co.*, 42 Wash. App. 644, 647-49 (1986), where the trial court made factual findings regarding liability, the Court did not make any findings of fact regarding Defendant Beck's liability.

Thus, Defendant Pacific Steel's contribution claim survives because the Court did not find as a matter of law that Defendant Beck was not liable to Plaintiff. *See All-Pure Chemical Co. v. White*, 127 Wash. 2d 1, 5 (1996) (noting that if one (or both) of the parties is not liable as a matter of law, then the contribution claim must fail). Rather, it was granted due to a procedural default based on Plaintiff's failure to respond.

This conclusion is reinforced when one digs deeper into the theory of

**ORDER DENYING DEFENDANT GORDON BECK'S MOTION TO DISMISS CROSS-CLAIM ~ 3**

Defendant's Motion to Dismiss. The underlying basis for Defendant's motion is the doctrine of collateral estoppel. In essence, Defendant Beck is asking that the Court apply collateral estoppel to prevent the other Defendants from litigating the issue of liability/contribution as it applies to him.

The application of the collateral estoppel doctrine requires the presence of four elements: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) the application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. *Bunce*, 42 Wash. App. at 648.

Here, there is no final judgment *on the merits* and it is clear that application of the doctrine would work an injustice on Defendant Pacific Steel, the party against whom the doctrine is to be applied. In this case, it will be up to the jury to determine and apportion fault.

Moreover, Plaintiff's failure to litigate the claims against Defendant Beck should not be dispositive as to the question of apportionment of fault. *Smith v. Jackson*, 106 Wash.2d 298, 299 (1986) (cautioning against permitting a plaintiff to pick and choose among joint tortfeasors which defendants should bear the entire loss, without the possibility of contribution).

//
//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT GORDON BECK'S MOTION TO DISMISS CROSS-CLAIM ~ 4**

Accordingly, **IT IS ORDERED:**

1. Defendant Beck's Motion to Dismiss Cross-Claim of Pacific Hide & Fur Depot, ECF No. 81, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 11th day of February 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT GORDON BECK'S MOTION TO DISMISS CROSS-CLAIM ~ 5**